# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:23CR00005-001 |
| ) | |
| BRIAN AVERY HOWE, ) | SENTENCING MEMORANDUM |
| Defendant. ) | |

**COMES NOW,** the defendant, Brian Avery Howe, by counsel, and respectfully submits the following sentencing memorandum:

**1) Acceptance of Responsibility:**

Counsel supports the determination by the U.S. Probation Office that Mr. Howe has clearly demonstrated acceptance of responsibility for the offenses of conviction and pursuant to USSG §3E1.1(a) and §3E1.1(b) has properly earned a three-point reduction in the offense level. As noted in the Presentence Investigation Report (hereinafter "PSIR"), this is based upon the defendant's statements to the probation officer as well as his free and voluntary guilty plea on February 23, 2023. (PSIR # 38; #'s 90-91). Counsel would also note that Mr. Howe has assented to the accuracy of the government's "Statement of Facts" that describes his

conduct. This proffer of evidence is now part of the record, having been admitted without objection at the hearing on February 23, 2023.

**2) Record of Employment: 18 U.S.C. 3553(a)(1) (Characteristics of the Defendant):** Defendant holds a Class A CDL (commercial drivers license) and has maintained full-time employment with various long distance trucking companies since 2011. (PSIR # 115-116). The ILPPP (Institute for Law, Psychiatry and Public Policy at the University of Virginia Medical School) evaluation further notes defendant took his first job at age 16 and held roughly 36 jobs from 2002-2010. All of this employment was lawful and gainful.

**3) Nature of the Offenses and Just Punishment; 18 U.S.C. §3553(a)(2)(A) with references to Characteristics of the Defendant pursuant to 18 U.S.C. §3553(a)(1): Need to protect the public from further crimes of the defendant, 18 U.S.C. 3553(a)(2)(c); Affording adequate deterrence to criminal conduct, 18 U.S.C. 3553 (a)(2)(B):**

This case involves essentially six photographic sessions whereby defendant took photographs and produced images in violation of 18 U.S.C. § 2251(a). Though it is probable a portion of the photographs taken at the six above-referenced photo sessions had been deleted from defendant's iPhone, the images were nonetheless recoverable on the

2

phone via basic computer forensic examination. In addition the images were saved and stored in defendant's iCloud account. (PSIR # 12). Apple's iCloud has a standard and widely used feature whereby data, including photographs, are stored and maintained in 'back-up' fashion in Apple Inc.,'s "Cloud." This 'back-up' feature is optional to the iPhone user. It is not unusual for an iPhone user to be unaware of this feature and how it operates. Mr. Howe's course of conduct exhibited little technological sophistication and little effort to avoid detection by law enforcement.

 Mr. Howe's explanation of his conduct and the reason for his behavior is lucidly set forth on page 16 of the June 21, 2023 ILPPP evaluation by Dr. Sharon Kelley. Mr. Howe did not disseminate or send any of the photographs to any person or entity. There is also no evidence Mr. Howe showed the photographs to anyone with the exception of the person who was the subject of the photographs. The undersigned counsel informed the relevant law enforcement agents that Mr. Howe would welcome the opportunity to meet with the agents to answer any and all questions the agents might have. The agents declined the opportunity and stated in no uncertain terms they did not believe Mr. Howe was communicating with anyone in relation to the offense and concluded they would not learn anything of use from a meeting with Mr. Howe.

 In other cases the type of photographs in question are produced with the explicit intent to distribute them. Such is not the case here. It

is reasonable to conclude that a sentence of 180 months will provide an adequate deterrent effect to the general public particularly where in the instant case the photograph's remained on the one iPhone (and in the password protected 'Cloud' account associated with that phone). With regard to protecting the public from any future crime by this defendant counsel would note the unique circumstances and relationships underpinning these offenses. Counsel also asks the Court to note the absence of any significant psychological malady, the Static-99R assessment resulting in a -1 (or Below Average) risk for re-offending and a PCL-R of 6 which ranks in the 3.2nd percentile as compared to that assessment's sample. These risk assessment tools and their application to Mr. Howe are set forth on pages 22-24 of the ILPPP evaluation. The combination of distinct factors associated with the case as well as the risk assessment conclusions would indicate the need to protect the public from future criminal activity by the defendant is not of paramount concern.

**3(a)  Other Characteristics of the Defendant (18 U.S.C. 3553(a)(1):**

At the age of thirty-nine (39) Mr. Howe's life is completely devoid of violent conduct. Mr. Howe shows one criminal conviction for

misdemeanor theft arising from an incident twenty years ago. As a result, Mr. Howe has zero criminal history points and a Criminal History Category of I. Mr. Howe, though of large stature, is a peaceable man and his personality exhibits and manifests this.[1] Mr. Howe's own life history including his upbringing and alarmingly regrettable relationship with his step-father, as well as the manner in which he comports himself toward others, is further evidence of his peaceable nature. (PSIR # 103).

**4) Kinds Of Sentences Available:   18 U.S.C. §3553(a)(3):**

The plea agreement in this case is pursuant to FRCP Rule 11 (c)(1)(C) and contemplates a mandatory minimum sentence of 180 months with a maximum sentence of 240 months. By agreement with the United States, the sentence imposed in this case shall run consecutively with any other sentence. Mr. Howe has pled guilty in Albemarle County Circuit Court to one felony count of Object Sexual Penetration (DK. # 23000021) (PSIR # 99). This charge contemplates the same victim as the case before the Court and arises from the same set of facts, i.e., photographic sessions as described above, *inter alia.* Sentencing is scheduled in the Albemarle County case for August 16, 2023. By written plea agreement between Mr. Howe and the

---

[1] The adolescent incidents described in the ILPPP evaluation on pages 4-5 are noteworthy in that they made a memorable impression upon Mr. Howe.

Commonwealth, and consistent with the plea agreement in the case before the Court, the sentence imposed in state circuit court will run consecutively with the sentence the Court imposes herein.  The sentence range in the Albemarle case is five years to life, by statute.  The parties in the Albemarle case have agreed to cap the sentence pursuant to Va. Code Rule 8A: (c)(1)(C) at a maximum of ten years in prison.  There is no unclarity in the fact the state sentence imposed on August 16, 2023 will run consecutively to the federal sentence.

In addition to a term of state probation and a term of federal supervised release, the Sex Offender Registry (SOR) rules will attach to defendant probably for the remainder of his life.  All together this will amount to close supervision upon release.  Prior to defendant's release in Virginia, the Commonwealth civil commitment board must assess and review the terms and conditions of defendant's release and must make findings and recommendations apart from the SOR rules and regulations and apart from any probation and supervision, whether state or federal.  This is a high level of scrutiny and post-release supervision with immediate and serious penalties for even otherwise relatively minor violations.  It may be argued Mr. Howe does not require this level of monitoring or supervision but any such argument will not alter the nature, scope, or fact of such regulations and supervision.

**5) Credit for time served:** Defendant has been in U.S. custody since February 23, 2023. (PSIR page 2).  Defendant was arrested on April 22,

6

2022 in Illinois and was transported while in custody to Virginia on May 5, 2022.  Defendant has been in custody since April 22, 2022.  (PSIR # 6; #9).

**WHEREFORE**, the defendant respectfully requests that the Court take into account the facts set forth above in determining an appropriate sentence in this case.  The defendant specifically requests, in light of the reasons and mitigation set forth above and in the ILPPP evaluation, the Court sentence defendant to a term of imprisonment of 180 months.  Such a sentence will be sufficient to achieve the goals of sentencing and a lengthier sentence would be greater than necessary in light of the circumstances of this case and the nature of the defendant.

                                                           Respectfully submitted,

                                                           By: S/ David A. Eustis
                                                                    Of Counsel

David A. Eustis
VSB # 48009
Eustis & Graham, PC
P.O. Box 2195
609 East High Street
Charlottesville VA 22902
Tel: 434-293-9900

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 28, 2023, I electronically filed the foregoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system that will send notification of such filing to the below listed parties:

Rachel Swartz<br>
Assistant United States Attorney<br>
United States Courthouse<br>
255 West Main Street<br>
Charlottesville VA 22902

                S/ David A. Eustis
                _____
                David A. Eustis
                Eustis & Graham, PC
                VSB # 48009
                P.O Box 2195
                609 E. High Street
                Charlottesville VA 22902
                Tel: 434-293-9900